# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed July 29, 2022

No. 20-5255

K.O., BY AND THROUGH THEIR PARENTS AND NEXT FRIENDS,
E.O. AND L.J., ET AL.,
APPELLANTS

v.

JEFFERSON B. SESSIONS, III, FORMER ATTORNEY GENERAL OF
THE UNITED STATES, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00309)

———

SILBERMAN, *Senior Circuit Judge*, concurring: I agree with the majority's holding, but I would include as a reason to deny a *Bivens* action that the plaintiffs in this case had an alternative remedy for damages under the Federal Tort Claims Act ("FTCA"). Indeed, they are pursuing such an action which makes their appeal for a *Bivens* action seem wholly superfluous.

To be sure, Appellants rely on *Carlson*, which held that *Bivens* actions, at least in that context, were not supplanted by a tort action authorized by the FTCA. *Carlson v. Green*, 466

U.S. 14, 19–23 (1980). But I don't think that aspect of *Carlson* is any longer good law. *See Hernandez v. Mesa*, 140 S. Ct. 735, 748 n. 9 (2020). *Carlson* is limited to its facts—its reasoning doesn't survive. The majority ignores this point.

Expanding *Bivens* remedies is now a "'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (internal citation omitted). The Supreme Court has effectively made clear that the only occasions in which a damages remedy can be implied for a constitutional violation are those with the exact kind of facts that gave rise to three *Bivens* cases. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 288 (1979); *Carlson v. Green*, 466 U.S. 14 (1980).

In theory—but only in theory—a court could imply a *Bivens* remedy in a "new context" (beyond the facts in *Bivens*, *Passman*, or *Carlson*), if there are no "special factors counseling hesitation." *Hernandez*, 140 S. Ct. at 743 (cleaned up). But one of the more obvious "special factors" in a new case is whether Congress has authorized *any* remedy for a particular alleged injury. *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022).

That can include an injunctive remedy or even an APA claim. *See Ziglar*, 137 S. Ct. at 1862; *Egbert*, 142 S. Ct. at 1806. With that in mind, it seems obvious to me that a coinciding damages remedy authorized by the FTCA is *a fortiori* a special factor precluding a *Bivens* remedy and therefore that part of *Carlson*'s language should be ignored. This seems especially clear since courts are not supposed to supplement Congress's remedial structure with a *Bivens* claim simply because, in the courts' view, Congress did not do enough. *Egbert*, 142 S. Ct. at 1807.

Be that as it may, although the Court has announced that special factors should cause hesitation before extending a *Bivens* remedy to a new context, the truth of the matter is it has simply red-circled—to use a labor relations term—three *Bivens* cases. Those cases are limited to virtually the same factual situations.

To take a step back, in the *en banc* case, *Crawford-El v. Britton*, 93 F.3d 813, 832 (D.C. Cir. 1996) (Silberman, J., concurring) some years ago I urged the Supreme Court to overrule *Bivens* and reiterated the point in *Tah v. Global Witness Publishing, Inc.*, 991 F.3d 231, 252 (D.C. Cir. 2021) (Silberman, J., dissenting in part). It is in my view another egregious example of the Supreme Court of the United States acting like a common law court rather than an Article III court.[1] In that respect it is similar to *Roe v. Wade* or *New York Times v. Sullivan*. The Court has gone partway in the direction I urged.

The Clerk is directed to publish my concurring statement.

---

[1] Justices who have seen themselves as common law judges have come from both political parties.